UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEVILLE BATISTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0096** |
| **SHERIFF MARLIN N. GUSMAN, IN HIS OFFICIAL CAPACITY AS SHERIFF OF ORLEANS PARISH, MAJOR KEVIN WINFIELD, IN HIS OFFICIAL CAPACITY AS WARDEN OF ORLEANS PARISH PRISON, COURTNEY GARDNER AND JOHN DOE 1, 2, & 3, IN THEIR OFFICIAL CAPACITY AS AGENTS AND EMPLOYEES OF THE ORLEANS PARISH SHERIFF'S OFFICE AND THE ORLEANS PARISH PRISON** | **SECTION "R" (4)** |

### PARTIAL REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of in part without an evidentiary hearing.

### I.    The Complaint

The plaintiff, Neville Batiste ("Batiste"), through counsel, filed this complaint "pursuant to 42 U.S.C.A. Sec. 1983 and the 8th Amendment to the Constitution" seeking redress against the defendants, Orleans Parish Sheriff Marlin N. Gusman, Orleans Parish Prison Warden Major Kevin

Winfield, and several unidentified deputies, each in their official capacities, and Courtney Gardner, another inmate in the Orleans Parish Prison.[1]

Batiste alleges that, at all relevant times, he was a convicted inmate housed on tier A-3 in OPP awaiting transfer to a state facility. He claims that the prison had no adequate means of classifying or separating dangerous inmates from non-violent inmates. He also alleges that, when a tier guard left the tier, he was unable to communicate or seek assistance.

Batiste further claims that at or about 10:00 a.m. on January 17, 2012, the cell doors on tier A-3 were opened for the meal period. When he exited his cell, he was stabbed in the right eye by inmate Courtney Gardner. He was able to seek assistance from a prison guard nearby. He was moved to a holding cell and eventually transported by ambulance to a nearby hospital. He claims that it took one hour and a half to get him to the hospital. His eye could not be saved and he is permanently disabled.

Batiste seeks an undisclosed amount in damages and other costs as a result of the defendants' alleged deliberate indifference to his safety and other negligent actions.

## II.   Standard of Review for Frivolousness

As indicated above, this suit has been filed by counsel on behalf of Batiste, who is a prisoner as defined by the Prison Litigation Reform Act of 1996 ("PLRA"). Pursuant to the PLRA, a Court is required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) to *sua sponte* dismiss cases filed by prisoners upon a determination that they are frivolous or otherwise fail to state a claim for which relief can be granted. The Court has broad discretion in determining the frivolous nature of a complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v.*

---

[1] Rec. Doc. No. 1, p. 2.  Plaintiff failed to include any other statement of jurisdiction.

*Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

    **A.   Negligence Claims Not Cognizable Under § 1983**

Batiste has alleged negligence as a basis for liability in his complaint, although no specific action or inaction is indicated by any defendant. Nevertheless, Batiste asserts that his claims are brought pursuant to 42 U.S.C. § 1983 and the Eighth Amendment. It is well settled, however, that "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of [state] tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Thus, the Supreme Court has long held that § 1983 liability must be predicated on more than mere negligence which is not protected under due process considerations. *See Daniels v.*

*Williams*, 474 U.S. 327, 328 (1986).  Batiste can not sustain a claim of negligence against any of the named defendants under § 1983 and he has not invoked any other basis for this Court's consideration or jurisdiction.

Batiste's claims based in negligence and brought under § 1983 against the defendants are frivolous and otherwise fail to state a claim for which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

### B.     Courtney Gardner not a Proper Defendant Under § 1983

Batiste has named as a defendant Courtney Gardner, who is alleged to be the inmate who stabbed him in the eye.  Under § 1983, a federal cause of action exists against any person, who, acting under color of state law, deprives another of his constitutional rights.  42 U.S.C. § 1983; *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 60 & n.1 (1989).  To state a claim under § 1983, a plaintiff must identify both the constitutional violation and the responsible person acting under color of state law.  *See Flagg Bros.*, *Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Polk County v. Dodson,* 454 U.S. 312, 326 (1981).  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  For this reason, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *American Manufacturers Mutual Insurance Co. v.. Sullivan*, 526 U.S. 40, 49-50 (1999) (internal quotation marks omitted).

It is well settled that an inmate involved in a prison fight is not a person acting under color of state law as required for liability under § 1983.  *See*, *e.g.*, *Bland v. Terrebonne Parish Criminal*

*Justice Complex*, No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009); *Goodell v. Anthony*, 157 F. Supp.2d 796, 801 (E.D. Mich. 2001) ("Numerous cases have held that an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983."); *Butler v. Jenkins*, 450 F. Supp. 574, 575 (E.D. Tenn. 1978). Batiste has alleged no facts to support a claim that his fellow inmate's conduct is otherwise attributable to the State in any way. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (actions may be attributable to the state if the private citizen is a willful participant in joint activity with a State or its agents).

For this reason, Batiste's § 1983 claims against Gardner are frivolous and otherwise fail to state a claim for which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

## IV. Recommendation

It is therefore **RECOMMENDED** that Batiste's § 1983 claims arising from the negligent acts of the defendants be **DISMISSED WITH PREJUDICE** as frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Batiste's § 1983 claims against inmate Courtney Gardner be **DISMISSED WITH PREJUDICE** as frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

The matter should otherwise remain referred to the undersigned Magistrate Judge for further proceedings pursuant to L.R. 73.2(A) and as applicable, 28 U.S.C. § 636(b)(1)(B) and (C).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this day of 22nd of October, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.