```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


NEVILLE BATISTE                              CIVIL ACTION

VERSUS                                       NO: 13-96

SHERIFF MARLIN N. GUSMAN, et al.             SECTION: R(4)
```

## ORDER AND REASONS

Before the Court is plaintiff Neville Batiste's complaint,[1] the Magistrate Judge's Partial Report and Recommendation,[2] and Batiste's objection to the Partial Report and Recommendation.[3] The Court, having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Partial Report and Recommendation, and Batiste's objection to the Partial Report and Recommendation, hereby approves the report and adopts it as its opinion, with the addition of the following discussion.

The Magistrate Judge makes two recommendations. First, she recommends that Batiste's § 1983 claims based on allegations of negligence be dismissed, since it is well established that § 1983 liability must be based on more than mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 333 (1986). Batiste objects to this recommendation, arguing that his § 1983 claim is based on allegations of deliberate indifference, not negligence.[4] On its face, however, Batiste's complaint alleges both negligence and

---

[1] R. Doc. 1.

[2] R. Doc. 24.

[3] R. Doc. 25.

[4] *Id.* at 4.

deliberate indifference as grounds for § 1983 liability.[5] Thus, the Court reads Batiste's complaint as alleging both § 1983 liability based on negligence and § 1983 liability based on deliberate indifference. The Court agrees with the Magistrate Judge that Batiste's § 1983 claims based on allegations of negligence must be dismissed.

The Magistrate Judge's second recommendation is that Batiste's § 1983 claims against defendant Courtney Gardner, a fellow prisoner, be dismissed. Batiste makes no objection to this recommendation.

Accordingly,

Batiste's § 1983 claims arising from the alleged negligence of the defendants are DISMISSED WITH PREJUDICE as frivolous and for otherwise failing to state a claim on which relief may be granted.

Batiste's § 1983 claims against Gardner are DISMISSED WITH PREJUDICE as frivolous and for otherwise failing to state a claim on which relief may be granted.

The matter otherwise remains referred to the Magistrate Judge for further proceedings.

New Orleans, Louisiana, this __20th__ day of November, 2013.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[5] R. Doc. 1 at 3-4.